UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LOUISIANA FAIR HOUSING ACTION CENTER, INC.**                                **CIVIL ACTION**

**VERSUS**                                **NO. 20-532-JWD-RLB**

**OLLIE STEELE BURDEN MANOR, INC., ET AL.**

## ORDER

Before the Court is Plaintiff's Motion to Compel Discovery and Motion to Extend Deadlines filed on April 19, 2022. (R. Doc. 33). Defendants do not oppose the extensions sought by Plaintiff. (*See* R. Doc. 35). Defendants filed an Opposition to Plaintiff's Motion to Compel. (R. Doc. 37).

**I.     Background**

On August 17, 2020, Louisiana Fair Housing Action Center, Inc. ("Plaintiff") commenced this action against Ollie Steele Burden Manor, Inc., Franciscan Missionaries of Our Lady of Health System, Inc., and Our Lady of the Lake Hospital, Inc. (collectively, "Defendants") for alleged violations of the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 43 U.S.C. § 3601 *et seq.*; the Rehabilitation Act, 29 U.S.C. § 794; Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116; the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*; and Louisiana law. (R. Doc. 1). Plaintiff claims that Defendants, who are owners and operators of nursing homes and long-term care facilities, failed to reasonably accommodate or make available appropriate auxiliary aids to deaf residents and prospective residents.

JURY

On August 26, 2021, Plaintiff served interrogatories and requests for production of documents on Defendants. (R. Doc. 33-5). Defendants had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Defendants did not timely respond.

Plaintiff's counsel made various requests by email directly to lead counsel for Defendants in an effort to obtain the outstanding discovery responses between November 5, 2021 and December 21, 2021. (R. Doc. 33-4). Plaintiff represents that Defendants failed to respond to these requests. (R. Doc. 33-1 at 2). In opposing the instant motion, Defendants make no effort to explain why defense counsel did not respond to these correspondences.

On January 27, 2022, the parties jointly moved for a 90-day extension of all deadlines, including the trial date. (R. Doc. 31). In support of the motion, the parties represented that "discovery has been significantly impeded and delayed in this matter" in light of the Delta and Omicron surges in the COVID-19 pandemic, and represented that no depositions had yet been conducted. (R. Doc. 31 at 1). The Court granted the motion, setting the new deadline to complete discovery on April 28, 2022. (R. Doc. 32).

After the Court granted this extension, Plaintiff's counsel made additional requests by email directly to lead counsel for Defendants in an effort to obtain the outstanding discovery responses. On March 17-18, 2022, Plaintiff's counsel requested responses to the outstanding discovery requests by March 23, 2022, and attempted to coordinate depositions. (R. Doc. 33-6 at 2). On March 25, 2022, Plaintiff's counsel again requested discovery responses. (R. Doc. 33-6 at 1). On April 6, 2022, Plaintiff's counsel again requested discovery responses and attempted to coordinate deposition dates. (R. Doc. 33-6 at 1). Plaintiff represents that Defendants failed to respond to these requests. (R. Doc. 33-1 at 3-4). In opposing the instant motion, Defendants

make no effort to explain why defense counsel did not respond to Plaintiff's counsel's repeated contacts.

On April 19, 2022, Plaintiff filed the instant Motion to Compel and Motion to Extend Deadlines, which seeks an order compelling Defendants to fully respond to Plaintiff's written discovery requests and an additional 90-day extension of all deadlines, including the trial date. (R. Doc. 33). Plaintiff specifically seeks a finding that Defendants have waived their objections to the written discovery and an award of reasonable expenses. (R. Doc. 33-1 at 4-5).

In light of the approaching discovery deadline, the Court stayed the deadline to complete discovery and required Defendants to file any opposition on an expedited basis. (R. Doc. 34).

On May 5, 2022, Defendants sought an extension of their deadline to oppose the Motion to Compel until May 11, 2022. (R. Doc. 35). In seeking this extension, Defendants indicated that they were working on providing the outstanding discovey responses. (R. Doc. 35 at 1). Defendants further represented that they "do not oppose extension of the discovery deadline as requested by plaintiff," though they remained silent regarding whether they opposed any extensions of the remaining deadlines, including the trial date. (R. Doc. 35 at 2). Defendants did not file any specific opposition to Plaintiff's Motion to Extend Deadlines.

On May 11, 2022, Defendants filed an Opposition to Plaintiff's Motion to Compel. (R. Doc. 37). Attached to the Opposition are Defendants' responses to the outstanding discovery requests. (R. Doc. 37-1). As stated above, Defendants do not explain why their counsel did not respond to any of the efforts by Plaintiff's counsel to obtain the discovery requests. Defendants also do not respond to Plaintiff's request for a finding that Defendants waived their objections to the written discovery requests. Defendants do not argue that Plaintiff's failed to meet the requirements of Rule 37(a)(1) prior to filing their Motion to Compel. Defendants do object to an

award of reasonable expenses, including attorney's fees, under Rule 37(a)(5)(A), in light of the COVID-19 pandemic. (R. Doc. 37 at 2).

## II. Law and Analysis

### A. Motion to Compel

There is no dispute that Defendants took over eight months to respond to Plaintiff's written discovery requests and did so only after the Plaintiff filed its Motion to Compel. Accordingly, the Court will grant the Plaintiff's Motion to Compel.

A party generally waives all objections, with the exception of those pertaining to any applicable privileges or immunities, where it fails to provide timely discovery responses. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Rule 33 provides that the grounds for objecting to an interrogatory must be stated with specificity and any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4). Rule 34 similarly provides that the grounds for objecting to a request for production must be stated with specificity. Fed. R. Civ. P. 34(b)(2)(B). Rule 34 further provides that, "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Here, Defendants did not submit written responses or objections to Plaintiff's discovery requests within 30 days after they were served or within the extension of time granted by Plaintiffs. After the Court granted a 90-day extension of the discovery deadlines, Defendants did nothing to secure a further extension from Plaintiff or the Court. Instead, Defendants waited until after Plaintiff filed a Motion to Compel to provide untimely responses and objections. For the same reasons discussed below with respect to awardable expenses, Defendants do not make a showing of good cause for failure to provide timely objections. As such, the Court finds that Plaintiff's objections to the discovery requests, with the exception of those pertaining to any applicable privileges or immunities, are waived.

The Court will also award Plaintiff reasonable expenses incurred in bringing the instant Motion to Compel. Rule 37 provides the following:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). While Defendants "acknowledge that their discovery responses have been served well beyond the time period set forth in the Federal Rules of Civil Procedure," they nevertheless seek an order denying an award of reasonable expenses in light of the COVID-19 pandemic's particular effects on nursing homes and medical facilities. (R. Doc. 37 at 2). The

Court acknowledges the strain on nursing homes and medical facilities caused by the pandemic. Nevertheless, the Court already provided a 90-day extension of the discovery deadline to accommodate the delay to discovery caused by the pandemic. Defendants do not explain why their counsel did not respond to Plaintiff's counsel's multiple attempts to obtain the discovery responses. To the extent Defendants needed additional time to conduct or respond to discovery, they should have sought appropriate relief from Plaintiff or the Court. An award of reasonable expenses is merited under these circumstances.

### B.    Motion to Extend Deadlines

Plaintiff seeks an additional 90-day extension of all deadlines, including the trial, in light of Defendants' noncompliance with their discovery obligations. Defendants did not file any opposition to this request.

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enterprises, LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

The Scheduling Order informed the parties that "[j]oint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically," and that "[e]xtensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery." (R. Doc. 19 at 2-3).

The parties do not specify what discovery, if any, has been completed since the Court's prior extension of deadlines. It appears, however, that no discovery has taken place.

Given the record, and the lack of any opposition, the Court will grant the relief sought. To be clear, the need for this extension of deadlines appears to solely stem from Defendants' failure to participate in discovery. Defendants and their counsel are advised to participate fully in discovery moving forward. No further extensions of the trial date will be provided.

### III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 33) is **GRANTED**. Defendants shall provide supplemental responses to the interrogatories and requests for production, without objections other than those pertaining to any applicable privileges or immunities, within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to an award of the reasonable attorney's fees and costs incurred in bringing Plaintiff's Motion to Compel, and that Defendants shall be responsible for such payment. In connection with this award, the parties are to do the following:

7

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[1] Defendants shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Plaintiff may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Defendants shall, within **7 days** of the filing of Plaintiff's Motion for Fees and Costs, file any opposition pertaining to the imposition of the amounts requested by Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Deadlines (R. Doc. 33) is **GRANTED.** Pursuant to Rule 16(b)(4), the Scheduling Order (R. Docs. 19, 32) is amended as follows:[2]

1. The deadline to join other parties or to amend the pleadings is Expired.

2. Discovery must be completed as follows:

    a. Exchanging initial disclosures required by F.R.C.P. 26(a)(1): Expired.

    b. **<u>Filing</u>** all discovery motions and **<u>completing</u>** all discovery except experts: **July 27, 2022.**

    **NOTE:** Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.

    c. Disclosure of identities and resumés of experts:

        Plaintiff(s):        Expired.

        Defendant(s):        Expired.

---

[1] This Court has previously found that a relatively modest award was reasonable under similar circumstances and that a reasonable award under Rule 37 may be less than the actual fees incurred.
[2] All deadlines are repeated for ease of reference. New deadlines are indicated in bold type.

   d.  Expert reports must be submitted to opposing parties as follows:

     Plaintiff(s):  Expired.

     Defendant(s):  Expired.

   e.  Discovery from experts must be completed by **August 14, 2022.**

3. Deadline to file dispositive motions and Daubert motions: **October 12, 2022.**

4. Deadline to file pre-trial order: **February 3, 2023.**[3]

  Prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.

5. Deadline to file motions in limine: **March 10, 2023.**

6. Deadline to file an affidavit of settlement efforts: **March 31, 2023.**

7. Pre-trial conference date: **February 23, 2023, at 2:30 p.m.** in the chambers of the Honorable John W. deGravelles.

8. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge: **April 7, 2023.**

  **The information regarding the Honorable John W. deGravelles' pretrial order may be found on the court's website at (**http://www.lamd.uscourts.gov**) under "Judges' Info."**

9. A **3-day jury trial** is scheduled for **9:00 a.m. beginning on April 24, 2023 in Courtroom 1.**

Signed in Baton Rouge, Louisiana, on May 16, 2022.

                 **RICHARD L. BOURGEOIS, JR.**
                 **UNITED STATES MAGISTRATE JUDGE**

---

[3] Motions to extend or otherwise modify this date and the dates/deadlines that follow shall be directed to the district judge.